UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO.  04-80370 |
| Plaintiff, | HON.  JOHN CORBETT O'MEARA |
| -vs- | MAG. JUDGE DONALD A. SCHEER |
| D-7   ABDUL HALIM BERRO<br>D-12 SADEK BERRO, | |
| Defendants.<br>_____/ | |

**GOVERNMENT'S RESPONSE TO DEFENDANT ABDUL HALIM BERRO'S OBJECTIONS TO MAGISTRATE'S DECISION REGARDING DEFENDANT ABDUL HALIM BERRO'S MOTION TO EXCLUDE REFERENCE TO AND PROHIBIT INTRODUCTION OF EVIDENCE RELATING TO TERRORISM AND NATIONAL ORIGIN**

The United States of America, by its undersigned attorneys, responds as follows to Defendant Abdul Halim Berro's Objections to Magistrate Judge Scheer's decision regarding his Motion to Exclude Reference To and Prohibit Introduction of Evidence Relating to Terrorism and National Origin.

A hearing was held on defendant's motion on April 11, 2005.  At the conclusion of that hearing, Magistrate Judge Scheer granted the defendant's motion in part and denied the motion in all other respects.  On April 12, 2005, Magistrate Judge Scheer issued a written order to that effect and cited as his basis the reasons stated on the record during the hearing.

The defendant now objects to that portion of Magistrate Judge Scheer's ruling denying his motion to exclude recordings of conversations in the Arabic language. During the course of the investigation, conversations relevant to this case were intercepted and recorded pursuant to court order and, in other instances, were consensually monitored and recorded.

The government intends to introduce these conversations in its case-in-chief. In his motion, the defendant argued for their exclusion based on the fact that the conversations occurred in Arabic.

Defendant's request is governed by Fed. R. Evid. 403, which provides that evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice. During the hearing on defendant's motion, Magistrate Judge Scheer rejected the defendant's per se argument that the mere fact that participants in the conversations speak Arabic is inherently prejudicial to the defendant. The Court also found that the tape recordings of the conversations were the best evidence of those conversations.

The reasons articulated by Magistrate Judge Scheer in denying defendant's motion are compelling. Defendant cites no cases where tape recordings of conversations have been excluded based on the language spoken. While the defendant contends that the written English translations of the conversations are the "best evidence" of the conversations, that contention is controverted by the express requirements of Rule 1002 of the Rules of Evidence. Rule 1002 requires that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by an Act of Congress." Tapes may also be necessary for voice identification. Lastly, the defendant claims that his motion should be granted to save the Court, government and defense the expense of having translators available at trial. That is not a legal basis for precluding the government from introducing, as required by Rule 1002, the best evidence of the conversations. Further, the government will have to bear that

expense in any event as it is likely to call witnesses who speak only Arabic and who will require Arabic interpreters at trial.

## CONCLUSION

For the reasons stated above, defendant's objections to Magistrate Judge Scheer's denial of his motion should be dismissed.

                                          Respectfully submitted,

                                          STEPHEN J. MURPHY
                                          United States Attorney

                                          CATHLEEN M. CORKEN
                                          Assistant United States Attorney
                                          United States Attorney's Office
                                          211 W. Fort
                                          Detroit, MI 48226
Dated: May 25, 2005                  (313) 226-9100

## CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, May 25, 2005, I electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Mr. Philip J. Thomas | Mr. Don Ferris |
| philipjthomas@aol.com | ferrissalt@aol.com |

                                       s/Cathleen M. Corken
                                       CATHLEEN M. CORKEN
                                       Assistant U.S. Attorney
                                       211 W. Fort Street, Suite 2001
                                       Detroit, MI  48226
                                       (313) 226-0206
                                       Cathleen.Corken@usdoj.gov