

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SALWA BERRO, D-19,<br><br>Defendant. | NO. 04-80370-19<br>HON. JOHN CORBETT O'MEARA<br><br>OFFENSE: 18 U.S.C. § 371<br>(conspiracy to commit bank fraud and mail fraud)<br><br>STATUTORY INCARCERATION<br>PERIOD: Not more than 5 years<br><br>STATUTORY FINE AMOUNT:<br>Up to $250,000 |

_____/

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant SALWA BERRO and the government agree as follows:

1. **GUILTY PLEA(S)**

   **A. Count(s) of Conviction**

   Defendant will enter a plea of guilty to **Count 43 of the Second Superseding Indictment**.

   **B. Elements of Offense(s)**

   The elements of Count 43 are:

   1. two or more persons agreed and conspired to commit bank fraud and mail fraud;

   2. the defendant voluntarily joined the conspiracy; and

   3. the defendant did so knowingly and voluntarily

1

### C. Factual Basis for Guilty Plea(s)

The following facts are true and constitute a sufficient and accurate factual basis for defendant's guilty plea(s):

From June 1999 to April 2002, in the Eastern District of Michigan, Southern Division, defendant SALWA BERRO conspired and agreed with co-defendants Ali Abdul Karim Farhat (D-1), Abdulamir Berro (D-2), Sadek Berro (D-12) and Nassib Saadallah Berro (D-18) to execute a scheme and artifice to defraud issuers of credit cards by "busting out" credit cards. The defendant charged, and permitted others to charge, transactions on credit cards issued in her name for which she did not intend to pay. The defendant knowingly submitted bogus payments on the cards through the U.S. mail, receiving credit on the cards, and then fraudulently used the credit cards to obtain additional cash and merchandise before the credit card companies became aware that the payments were bogus.

It was part of the conspiracy that, to evade payment to creditors for fraudulent charges, the defendant and co-defendant Nassib Saadallah Berro (D-18) filed a petition under Chapter 7 of Title 11 of the United States Code in U.S. Bankruptcy Court for the Eastern District of Michigan. It was further part of the conspiracy that the defendant and co-defendant Saadallah Nassib Berro (D-18) concealed assets and funds from creditors and bankruptcy trustees, including their interest in the properties located at 5903 Steadman, Dearborn, Michigan.

### 2. SENTENCING GUIDELINES

#### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

#### B. Agreed Guideline Range

There are no sentencing guideline disputes. The parties agree that the defendant's guideline range is **18-24 months**, as set forth on the attached worksheets. Neither party may take a position in this Court contrary to any position of that party as reflected in the worksheets. Both parties will have a right to withdraw from this agreement if the Court finds a different range to be applicable.

2

### C. New Conduct or Information Affecting Guideline Range

If, after defendant pleads guilty, she makes any false statement to or withholds information from her probation officer, or otherwise demonstrates a lack of acceptance of responsibility for her offense(s), or obstructs justice or commits any crime, the government may cancel this agreement. If that happens the Court must give defendant the opportunity to withdraw her guilty plea(s). If the government cancels the agreement under this paragraph and defendant does not withdraw her guilty plea(s), the Court may impose a sentence greater than the maximum allowed by this agreement.

If the Court determines that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender under the sentencing guidelines or other federal law, either party may cancel this agreement and defendant may withdraw her guilty plea.

### 3. SENTENCE

#### A. Imprisonment

Except as provided immediately below, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the total sentence of imprisonment in this case may not exceed **24 months**. If the Court determines that defendant's criminal history category is higher than reflected on the attached worksheets, the total sentence of imprisonment may not exceed the upper limit of the guideline range corresponding to the higher criminal history category.

#### B. Supervised Release

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **3 years**. The sentence agreement concerning imprisonment described above in Paragraph 3A does not

3

apply to any term of imprisonment that results from any later revocation of supervised release.

### C.    Special Assessment(s)

Defendant will pay a special assessment of $100 before sentence is imposed, and must provide the government with a receipt for the payment before sentence is imposed.

### D.    Fine

There is no agreement on the fine. The Court may impose a fine on each count of conviction.

### E.    Restitution

The Court may order defendant to pay restitution to any victims of the offense and all relevant conduct. The parties have not agreed on the amount of restitution.

## 4.    OTHER CHARGES

If the Court accepts this agreement, the government will ask the Court to dismiss all remaining counts in the indictment and will not bring additional charges against defendant relating to any of the relevant conduct in this case.

## 5.    PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 6.    SCOPE OF PLEA AGREEMENT

This agreement, which includes all documents that it explicitly incorporates, represents the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in Court. Thus, no oral or written promises made by the government to defendant

or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

### 7. COURT'S ACCEPTANCE OR REJECTION OF PLEA AGREEMENT

The Court may accept or reject this agreement either before or after it reviews the presentence report. If the Court accepts the agreement, it must comply with all of its terms. If the Court rejects the agreement, it must so inform the parties and give either party the right to withdraw. If defendant elects not to withdraw her guilty plea(s), the Court shall advise her that it may impose a sentence greater than the maximum penalties allowed by this agreement.

### 8. RIGHT TO APPEAL

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right she has to appeal her conviction or sentence. If the sentence imposed is within the guideline range specified in Paragraph 2B, the government waives its right to appeal defendant's sentence. If the sentence imposed is below the guideline range specified in Paragraph 2B, the government retains the right to appeal the sentence.

### 9. CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA(S) OR VACATION OF CONVICTION(S)

If defendant is allowed to withdraw her guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are thereafter filed against defendant relating directly or indirectly to the conduct underlying

the guilty plea(s) or to any relevant conduct, defendant waives her right to challenge the additional charges on the ground that they were not filed in a timely manner, provided that such additional charges are filed within six months of the date the order vacating defendant's conviction or allowing her to withdraw her guilty plea(s) becomes final.

**10.   ACCEPTANCE OF AGREEMENT**

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on February 8, 2006.** The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

STEPHEN J. MURPHY
United States Attorney

_____               _____  1/27/06
ERIC STRAUS                              BARBARA L. MCQUADE
Assistant United States Attorney         Assistant United States Attorney
Assistant Chief, Criminal Division

By signing below, defendant acknowledges that she has read (or been read) this entire document, understands it, and agrees to its terms. She also acknowledges that she is satisfied with her attorney's advice and representation. Defendant agrees that she has had a full and complete opportunity to confer with her lawyer, and has had all of her questions answered by her lawyer.

_____               _____
William Swor                             SALWA BERRO
Attorney for Defendant                   Defendant

6

# WORKSHEET A   (Offense Levels)

Defendant: __Salwa Berro__   Count(s): __15, 32, 43__

Docket No.: ____   Statute(s): __18 USC 1344, 157, 371__

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

## 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1 (a)(2) | Base offense level | 6 |
| 2B1.1 (b)(1)(H) | More than $400,000 (468,301 - 8 %) | 14 |
| 2B1.1(a)(2)(A) | More than 10 victims | 2 |
| | | |

## 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.2 | Mitigating Role | -4 |
| | | |
| | | |

## 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.   **18**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*If this is the only Worksheet A, check this box and skip Worksheet B.*   ☐

*If the defendant has no criminal history, check this box and skip Worksheet C.*   ☒

(rev. 06/99)

# WORKSHEET C   (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses): _____

## 1. PRIOR SENTENCES

### Prior Sentence of Imprisonment Exceeding 13 Months  (U.S.S.G. §§ 4A1.1(a)):        3 POINTS

Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period.  (See U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

### Prior Sentence of Imprisonment of at Least 60 Days  (U.S.S.G. §§ 4A1.1(b)):        2 POINTS

Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (see U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

### Other Prior Sentences  (U.S.S.G. §§ 4A1.1(c)):        1 POINT

Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (see U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)).  NOTE:  No more than 4 points may be added under this item.

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| N/A | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\* A release date is required in only three situations:  (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense com-mitted before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commence-ment of the instant offense (taking into account relevant conduct and stipulated offenses); and (3) when 2 criminal history points are added pur-suant to U.S.S.G. § 4A1.1(e) because the defendant committed the instant offense (taking into account relevant conduct and stipulated offenses) shortly after or during imprisonment resulting from a sentence counted under U.S.S.G. § 4A1.1(a) or (b) or while he or she was on escape status for such a sentence.

(rev. 06/99)

2. **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE** (U.S.S.G. § 4A1.1(d))

   Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (See U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

   ☐

3. **COMMISSION OF INSTANT OFFENSE SHORTLY AFTER OR DURING IMPRISONMENT** (U.S.S.G. § 4A1.1(e))

   Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) either less than 2 years after release from imprisonment on a sentence counted under U.S.S.G. §§ 4A1.1(a) or 4A1.1(b) or while in imprisonment or escape status on such a sentence. However enter, only 1 point for this item if 2 points were added under Item 2. (See U.S.S.G. §§ 4A1.1(e), 4A1.2(n).) List the date of release and identify the sentence from which it resulted.

   ☐

4. **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE** (U.S.S.G. § 4A1.1(f))

   Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (See U.S.S.G. §§ 4A1.1(f), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

   ☐

5. **TOTAL CRIMINAL HISTORY POINTS**

   Enter the sum of the criminal history points entered in Items 1-4.

   0

6. **CRIMINAL HISTORY CATEGORY**

   | Total Criminal History Points | Criminal History Category |
   |---|---|
   | 0 – 1 | I |
   | 2 – 3 | II |
   | 4 – 6 | III |
   | 7 – 9 | IV |
   | 10 – 12 | V |
   | ≥ 13 | VI |

   I

   (rev. 06/99)

# WORKSHEET D   (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**   | 18 |

   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G § 3E1.1)**   | -3 |

3. **TOTAL OFFENSE LEVEL**   | 15 |

   Enter the difference between Items 1 and 2.

4. **CRIMINAL HISTORY CATEGORY**   | I |

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

5. **CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

   a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)**   | 18-24 months |

   Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**   | months |

   If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

(rev. 06/99)

# WORKSHEET E   (Authorized Guideline Sentences)

1. **PROBATION (U.S.S.G. ch. 5, pt. B)**

   a. <u>Imposition of a Term of Probation</u>  (U.S.S.G. § 5B1.1)

   [X] 1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

   [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

   b. <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

   [X] 1. At least 1 year but not more than 5 years (total offense level > 6).

   [ ] 2. No more than 3 years (total offense level < 6).

   c. <u>Conditions of Probation</u>  (U.S.S.G. § 5B1.3)

   The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

   [X] a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

   [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but < 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months). The authorized length of the term of supervised release is set forth below in Item 4.b

3. **IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

**4.   SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

    a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

    The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

- [ ]  1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

- [X] 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

- [ ] 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

- [ ] 4. The statute of conviction requires a minimum term of supervised release of _____ months.

    c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

    The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5.   RESTITUTION (U.S.S.G. § 5E1.1)**

- [X] 1. The court will determine whether restitution should be ordered and in what amount.

- [ ] 2. Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.) The parties agree that full restitution is $_____.

- [ ] 3. The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $___. (*See* 18 U.S.C. §§ 3663(a)(3).)

- [ ] 4. The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

- [ ] 5. Restitution is not applicable.

(rev. 06/99)

(WORKSHEET E, p. 3)

6. **FINE (U.S.S.G. § 5E1.2)**

   a. Fines for Individual Defendants

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

   | **Minimum Fine** | **Maximum Fine** |
   |---|---|
   | $ 4,000 | $ 40,000.00 |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

   The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

   $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
   $ 25.00 for every count charging a Class A misdemeanor,
   $ 10.00 for every count charging a Class B misdemeanor, and
   $  5.00 for every count charging a Class C misdemeanor or an infraction.

   The defendant must pay a special assessment or special assessments in the total amount of $ 100.00 .

8. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.

   _____

9. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

   List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

   _____

   _____

(rev. 06/99)