AO245B [Rev. 12/03] Judgment In a Criminal Case
Sheet 1

Judgment-Page 1 of 5

# United States District Court
## Eastern District of Michigan

United States of America

V.

Houda Mohamad Berro

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 04CR80370-15

USM Number: 40022-039

Salem F. Samaan
Defendant's Attorney

**FILED**

DEC 1 5 2006

CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

**THE DEFENDANT:**

Pleaded guilty to count(s): **52s.**

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 1344 | Bank Fraud | 01/2004 | 52s |

The defendant is sentenced as provided in pages **2 through 5** of this judgment. This sentence is imposed pursuant to the Sentencing Reform Act of 1984

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

December 12, 2006
Date of Imposition of Judgment

John Corbett OMeara
United States District Judge

**DEC 15 2006**

Date Signed

AO245B [Rev. 12/03] Judgment in a Criminal Case
        Sheet 2 - Imprisonment

Judgment-Page 2 of 5

DEFENDANT:  Houda Mohamad Berro
CASE NUMBER:  04CR80370-15

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **12 months and 1 day.**

The defendant shall surrender to the United States Marshal for this district as notified by the United States Marshal.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

AO245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 3- Supervised Release

DEFENDANT: Houda Mohamad Berro
CASE NUMBER: 04CR80370-15

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **3 years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Revocation of supervised release is mandatory for possession of a controlled substance.

■ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14) the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Revocation of supervised release is mandatory for possession of a firearm.

AO245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 3C - Supervised Release

Judgment-Page 4 of 5

DEFENDANT: Houda Mohamad Berro
CASE NUMBER: 04CR80370-15

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a a program approved by the Probation Department for mental health counseling.  If necessary.

AO245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Judgment-Page 5 of 5

DEFENDANT: Houda Mohamad Berro
CASE NUMBER: 04CR80370-15

# CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 100.00 | $ 0.00 | $ 0.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS:** | $ 0.00 | $ 0.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

CRIMINAL NO. 04-80370

Plaintiff,

HON. JOHN CORBETT O'MEARA

v.

D-15   HOUDA MOHAMAD BERRO,

Defendant.

_____/.

FILED

DEC 15 2006

CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, the Second Superseding Indictment issued November 9, 2005, charged defendant Houda Mohamad Berro with violations of 18 U.S.C. § 1344, Bank Fraud (Counts 51 and 52);

WHEREAS, the Second Superseding Indictment contained Forfeiture Allegations seeking forfeiture of property constituting or derived from proceeds, directly or indirectly, as the result of those violations, or property involved in, or any property traceable thereto, the violations, pursuant to 18 U.S.C. §§ 982(a)(1) and (2)(A), 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, including, but not limited to:

**4926 Orchard, Dearborn, Michigan**, more fully described as:

Lot 99 and ½ Adjacent Vacated Alley, Orchard Boulevard Subdivision as Recorded in Liber 33, Page 13 of Plats, Wayne County Records.
Parcel ID: 82-10-081-29-033.
Titled in the name of Houda Berro.

WHEREAS, the Second Superseding Indictment also provided for the forfeiture of substitute assets pursuant to 21 U.S.C. § 853(p);

1

WHEREAS, on August 3, 2006, defendant Houda Mohamad Berro pled guilty to Count 52, Bank Fraud, of the Second Superseding Indictment, including forfeiture as set forth above;

**NOW THEREFORE**, defendant Houda Mohamad Berro shall forfeit to the United States:

**4926 Orchard, Dearborn, Michigan**, more fully described as:

Lot 99 and ½ Adjacent Vacated Alley, Orchard Boulevard Subdivision as Recorded in Liber 33, Page 13 of Plats, Wayne County Records.
Parcel ID: 82-10-081-29-033.
Titled in the name of Houda Berro,

which is property ("Subject Property") constituting or derived from proceeds, directly or indirectly, as the result of the violations set forth above, or property involved in, or any property traceable thereto, the violations set forth above.

1. The Court has determined that the government established the requisite nexus between the Subject Property and the offenses committed by defendant Houda Mohamad Berro.

2. Accordingly, the Subject Property is hereby **FORFEITED** to the United States of America for disposition in accordance with the law, and any right, title or interest of defendant Houda Mohamad Berro **IS HEREBY AND FOREVER EXTINGUISHED**.

3. Upon entry of this Order, the United States or a designee is authorized to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any assets seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

4. The United States shall publish at least once for three successive weeks in a newspaper of general circulation, notice of this preliminary forfeiture order and of its intent to dispose of the above named Subject Property in such manner as the Attorney General may direct, pursuant to 21

2

U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

5. Following the Court's disposition of all petitions filed, if any, upon proof of publication and notice to any persons known to have alleged an interest in the Subject Property and upon entry of a Final Order of Forfeiture, the United States shall have clear title to the Subject Property and may warrant good title to any subsequent purchaser or transferee.

6. Pursuant to Fed.R.Crim.P. 32.2(c)(2), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

7. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts

3

supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided for the filing of third party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

SO ORDERED.

_____
HONORABLE JOHN CORBETT O'MEARA
United States District Judge

Dated:   DEC 15 2006

4